Filed 6/30/15  Turner v. Bd. of Civil Service Commissioners of the City of Los Angeles CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LAWRENCE TURNER,<br><br>           Plaintiff and Appellant,<br><br>      v.<br><br>BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES,<br><br>           Defendant and Respondent;<br><br>CITY OF LOS ANGELES,<br><br>           Real Party in Interest. | B256973<br><br>(Los Angeles County<br> Super. Ct. No. BS143304) |

APPEAL from the judgment of the Superior Court of Los Angeles County.  James Chalfant, Judge.  Affirmed.

Lawrence Turner, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Vivienne A. Swanigan, Assistant City Attorney, and Janis Levart Barquist, Deputy City Attorney, for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff Lawrence Turner, a former Traffic Officer with the Department of Transportation of the City of Los Angeles (Department), was discharged on May 17, 2012, for sexually harassing two supervisors.  He appealed his termination to the Board of Civil Service Commissioners (Board), and the Board upheld the Department's termination decision.  Plaintiff sought a peremptory writ of mandate in the superior court for reinstatement and backpay.  The trial court denied plaintiff's writ petition, and plaintiff has appealed.

On appeal, plaintiff contends his due process rights were violated because he was "never allowed to appear at his *Skelly*[1] hearing" and the Department did not comply with its policy requiring service of a " 'completed and unsigned copy of the Notice of Suspension, probationary Termination of Discharge' " as part of plaintiff's *Skelly* package.  He also contends that there was insufficient evidence of sexual harassment, and that the discipline imposed was excessive.[2]

We affirm, finding that plaintiff failed to supply any citations to the administrative record, failed to fairly summarize the evidence, and failed to support his contentions on appeal with reasoned analysis and citation to supportive authority.  And, in any event, our limited review of the record demonstrates no error.

## FACTUAL AND PROCEDURAL BACKGROUND

As we shall discuss below, plaintiff has failed to support his appeal with citations to the administrative record.  Accordingly, the following factual summary has been gleaned from a limited review of the record before us and the parties' representations in their appellate briefs:  Plaintiff worked for the city for over 32 years, and as a Traffic

---

[1]     *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194 (*Skelly*).

[2]     Plaintiff also newly argued, in his reply brief, that collateral estoppel bars a finding that he committed sexual harassment because one of the investigators of the incident concluded that no harassment had occurred.  New issues raised for the first time in a reply brief need not be considered in the absence of good cause.  (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)  We note, however, that plaintiff is not correct that the conclusion of the initial investigator had collateral estoppel effect.

Officer for the Department for over 20 years. In March 2010, Sergeant Fawnda Sparks saw plaintiff "grind[] his body on" Sergeant Cheryl Lloyd's "back side" Sergeant Lloyd was "very upset." Sergeant Sparks reported the incident to Lieutenant Cheryl Johnson, who told Sergeant Sparks that she had also been touched inappropriately by Plaintiff. Lieutenant Johnson told Sergeant Sparks that she never reported the incident because plaintiff "gets away with everything. You know, the Department is not going to do anything to him." Sergeant Sparks filed a complaint with the Office of Discrimination and Complaint Resolution. The matter was initially assigned to Janice Wood, who concluded that the incidents did not rise to the level of sexual harassment as they were not "severe and pervasive." Ultimately, Wood referred the complaint to the Department for further investigation.

Sergeant Lloyd told investigators that plaintiff touched her from behind in an inappropriate manner. Lieutenant Johnson also confirmed that in March 2010, plaintiff pressed his "front side" against her "backside." She also reported that plaintiff had later apologized about the incident. Plaintiff denied the incidents, and when confronted about the apology, claimed he apologized in response to rumors "that he made an inappropriate statement to [Lieutenant Johnson]."

After the matter was investigated, acting Personnel Director Don Harrahill recommended that plaintiff be discharged. The *Skelly* report proposed termination based on two incidents of "sexual harassment: unwelcome physical contact in sexual areas including but not limited to breasts, buttocks, or genitalia." The Department's Manual of Policies and Procedures recommended a penalty of "20 days suspension to discharge" for a first offense, and "discharge" for a second offense of this nature. The *Skelly* report also noted that plaintiff had a history of work discipline. In December 1990, plaintiff received a 10-day suspension for his "[r]epeated refusal to perform properly given work assignment" and his "disrupting the work of other employees." He was suspended again for five days in May 1997 for "[u]sing threats of harm toward other employees or the public; failure to cooperate with or using abusive language toward other employees or the public; misconduct on the job unfavorably or seriously reflecting on the City or its

employees." Plaintiff was again suspended for 10 days in March 2004 for "[l]eaving assigned work area without proper approval or appropriate reason; failure to cooperate with supervisors or management in the performance of job duties; violating safety rules and practices which endanger the employee or others or damages City property or equipment."

Plaintiff's union representative received notice of the proposed discharge, and provided a *Skelly* response to that notice denying the allegations. Plaintiff's discharge was approved on May 2, 2012, and became effective on May 17, 2012. Plaintiff appealed his discharge, and an evidentiary hearing took place on August 2 and 16, 2012. At that hearing, Sergeants Sparks and Lloyd and Lieutenant Johnson testified consistent with their earlier reports. Plaintiff introduced evidence that sexual horseplay was pervasive in the Department, and that the Department was fraught with sexual relationships between coworkers. The hearing officer recommended sustaining the discharge and found that plaintiff's *Skelly* due process rights were met. At the January 10, 2013 hearing before the Board, plaintiff's counsel admitted that the union "accepted service . . . of the *Skelly* package and responded to the Department with a categorical blanket denial of the charges. I'm obliged at that point to stipulate to *Skelly*." The Board sustained the recommendation.

Plaintiff filed a petition for a writ of mandate, seeking reinstatement and backpay. The petition urged that relevant evidence concerning the plaintiff's and the victims' work schedules was not presented to the hearing officer, that the penalty of discharge was excessive, and that the discharge was effected in contravention of the Department's manual of policies and procedures. The petition also argued that the hearing officer's administrative findings were not supported by the weight of the evidence.

The trial court denied the petition for a writ of mandate, finding that plaintiff "stipulated that all *Skelly* procedures had been satisfied . . . ." The trial court also found that "the weight of the evidence, I mean, it's – it's pretty clear that he did these things. His denials are not credible." The court also found that the penalty was appropriate. "The things he did, you can't do anywhere. And the fact that he did it to two supervisors

4

shows . . . a dismissive attitude toward his job and to the authority of the people that he worked for." After it entered its order, the trial court returned the administrative record to plaintiff's counsel. Plaintiff filed a timely notice of appeal.

## DISCUSSION

We will briefly summarize the standard of review, to illustrate that plaintiff has not met his burden of demonstrating error on appeal.

Because the Board's order affirming plaintiff's discharge affected a fundamental vested right, the trial court was required to exercise its independent judgment in reviewing the administrative record. (*Davis v. Los Angeles Unified School Dist. Personnel Com.* (2007) 152 Cal.App.4th 1122, 1130 (*Davis*).) The independent judgment test required the trial court to examine the administrative record for errors of law, and to exercise its independent judgment upon the evidence in a limited trial de novo. (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 143 (*Bixby*).) The trial court was free to draw its own reasonable inferences from the evidence and make its own credibility determinations. (*Morrison v. Housing Authority of the City of Los Angeles Bd. of Comrs.* (2003) 107 Cal.App.4th 860, 868 (*Morrison*).) However, the trial court was also required to afford a strong presumption of correctness to the administrative findings, and plaintiff was required to demonstrate that such findings were contrary to the weight of the evidence. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817.)

Our task on appeal is to conduct a limited review of the record to determine only whether the trial court's findings (rather than the administrative agency's findings) are supported by substantial evidence. (*Bixby*, *supra*, 4 Cal.3d at p. 143, fn. 10; *Davis*, *supra*, 152 Cal.App.4th at pp. 1130-1131; *Kazensky v. City of Merced* (1998) 65 Cal.App.4th 44, 52.) We resolve all evidentiary conflicts and draw all reasonable inferences in favor of the trial court's decision. (*Valiyee v. Department of Motor Vehicles* (1999) 74 Cal.App.4th 1026, 1031.) "Where the evidence supports more than one reasonable inference, we are not at liberty to substitute our deductions for those of the trial court." (*Morrison*, *supra*, 107 Cal.App.4th at p. 868.)

5

1.     **Procedural Bars to Review**

This appeal suffers from a number of deficiencies that prevent meaningful appellate review. Plaintiff requested a clerk's transcript pursuant to his notice designating the record on appeal. At about the same time plaintiff filed his opening appellate brief, he filed a motion in this court to augment the record on appeal to include several *excerpts* from the administrative record, which was not part of the clerk's transcript. On January 8, 2015, we denied his motion "without prejudice to file the entire administrative record."

On January 22, 2015, one volume of the administrative record was lodged with this court by plaintiff. The record included a certification by the Civil Service Commission, that it "provided copies of the Civil Service Commission Administrative Record and certified transcripts . . . in the Turner Case to Appellant's representative and Department's representative in connection with its appeal of the Civil Service Commission's decision. [¶] I hereby certify that the contents of the Administrative Record and Certified Transcripts, sequentially numbered 0001 through and including 00493 are true and correct copies of the Civil Service Commission's record of Lawrence Turner's disciplinary appeal." The certification was dated April 29, 2013.

Nevertheless, the record lodged with this court consisted only of pages 0001 through 00371, and did not include pages 00372 through 00493 of the administrative record. Omitted from the record were the Department's Manual, various memoranda, emails, subpoenas, proofs of service, and the notice of discharge and appeal. When we alerted plaintiff to the deficiency of the record, he promptly filed the missing portions with this court. Accordingly, the motion to augment the record on appeal to include the administrative record is granted.

Nevertheless, plaintiff's appellate briefs fail to include any citation to the administrative record. He instead relies on portions of the clerk's transcript, such as his *briefs* filed in the trial court, and *their* discussion of the administrative record. These briefs and the representations within them are not evidence, and do not support the factual assertions in plaintiff's appellate briefs. (Cal. Rules of Court,

6

rule 8.204(a)(1)(C).) We are not required to make an independent search of the record and may disregard any claims when no appropriate reference is furnished. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Moreover, plaintiff's briefs provide an incomplete statement of the relevant facts. Plaintiff must recite in the opening brief all "significant facts" included in the record, not just the evidence favorable to his position. (Cal. Rules of Court, rule 8.204(a)(2)(C); *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274.) Plaintiff's opening brief summarizes the evidence adduced at the administrative hearing as follows: "Turner appeared along with numerous witnesses giving testimony about the incident and climate at LADOT." He provides a very limited description of the investigation leading up to the decision to discharge him.

Moreover, plaintiff's very limited discussion of the evidence is distorted. For example, plaintiff explains that Sergeant Lloyd "answered [the investigation] with a memorandum, stating that [plaintiff] had only 'brushed up against her,' and not grinded or groped her as Sparks had told Janice Woods." However, our review of the record discloses that Sergeant Lloyd reported "[plaintiff] walked up behind me and brushed up against me in an inappropriate manner" and did not deny that plaintiff "grinded" her. Plaintiff also failed to disclose that he stipulated that the requirements of *Skelly* had been satisfied. Plaintiff's limited and biased discussion of the evidence waives any claim of error on appeal. (*Foreman & Clark Corp. v. Fallon*, *supra*, 3 Cal.3d at p. 881; *County of Solano v. Vallejo Redevelopment Agency*, *supra*, 75 Cal.App.4th at p. 1274.)

Lastly, plaintiff has failed to support his arguments with any discussion of the standard of review, and scant relevant authority in light of these standards. A brief must contain reasoned argument and legal authority to support its contentions or the court may treat the claims made on appeal as waived. (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) That a party is self-represented does not excuse compliance with these requirements. (*Stokes v. Henson* (1990) 217 Cal.App.3d 187, 196.)

7

For these reasons, plaintiff's claims are not cognizable on appeal. And, in any event, plaintiff's briefs make clear that he is merely asking this court to reweigh the evidence and to resolve conflicts in the evidence in his favor. This we cannot do. (*Morrison*, *supra*, 107 Cal.App.4th at p. 868.) There was ample evidence that he touched female coworkers inappropriately, and that discharge was an appropriate remedy under Department guidelines and given plaintiff's history of misconduct. Moreover, the record supports a finding that plaintiff stipulated that the due process requirements of *Skelly* were satisfied.

**DISPOSITION**

The judgment is affirmed. Respondent shall recover its costs on appeal.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.

8